UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

UNITED STATES OF AMERICA,

                Plaintiff,

     vs.                       Case No. 06-CR-0189-S-01

DAVID FRANKLIN,             Madison, Wisconsin
                             January 31, 2007
             Defendant.      1:15 p.m.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

TRANSCRIPT OF PLEA HEARING
HELD BEFORE THE HONORABLE JOHN C. SHABAZ

APPEARANCES:

For the Plaintiff:      Office of the United States Attorney
                        BY:  RITA RUMBELOW
                        Assistant United States Attorney
                        P.O. Box 1585
                        Madison, WI  53701-1585

For the Defendant:      Delyea and Cornia, LLC
                        BY: ANTHONY C. DELYEA
                        520 University Avenue, Suite 260
                        Madison, WI  53703

Also Present:           David Franklin, Defendant
                        Michael Bell, U.S. Probation Officer

Court Recorder:          Emily Stenhoff
                        120 North Henry Street, Room 320
                        Madison, WI  53703

Transcription Service:  S-B Transcription Service
                        5212 East Lacy Road
                        Fitchburg, WI  53711

*Proceedings recorded by electronic sound recording, transcript produced by certified transcription service.*

1          (Call to Order of the Court)

2          THE CLERK:  Case No. 06-CR-189-S, United States of

3  America versus David Franklin, called for plea hearing.  May we

4  have the appearances, please?

5          MS. RUMBELOW:  Rita Rumbelow for the United States.

6          MR. DELYEA:  Good afternoon, Your Honor.  Mr. Franklin

7  appears in person, and with his attorney, Anthony Delyea.

8          THE COURT:  It's the Court's understanding that the

9  defendant agrees to plead guilty to the one-count indictment in

10  this case pursuant to a proposed plea agreement.  Mr. Delyea,

11  is that correct?

12          MR. DELYEA:  It is, sir.

13          THE COURT:  And, Mr. Franklin, do you plan to enter a

14  plea of guilty today to the one-count indictment as a result of

15  a proposed plea agreement?

16          DEFENDANT FRANKLIN:  Yes.

17          THE COURT:  Ms. Rumbelow, any comments relating to the

18  proceeding which we're about to enter?

19          MS. RUMBELOW:  No, Your Honor.

20          THE COURT:  At this time then, I would ask that

21  Mr. Franklin please rise so the oath may be administered to

22  him.

23               DAVID FRANKLIN, DEFENDANT, SWORN

24          THE COURT:  Mr. Franklin, I want you to understand

25  that you are now under oath and if you answer any of my

1   questions falsely, your answers can be later used against you

2   in another prosecution for perjury or making a false statement.

3   Is that your understanding?

4           DEFENDANT FRANKLIN:  Yes.

5           THE COURT:  And what is your full name, sir?

6           DEFENDANT FRANKLIN:  My full name is David Lee

7   Franklin.

8           THE COURT:  And how old are you, Mr. Franklin?

9           DEFENDANT FRANKLIN:  I'm 49 years old.

10          THE COURT:  And what schooling have you had?  What's

11  the top grade that you went to?

12          DEFENDANT FRANKLIN:  Twelfth.

13          THE COURT:  Did you graduate?

14          DEFENDANT FRANKLIN:  Yes.

15          THE COURT:  Have you been treated recently for any

16  mental illness or addiction to narcotic drugs of any kind?

17          DEFENDANT FRANKLIN:  Not in, not recently, but in the

18  past, yes.

19          THE COURT:  All right.  And what was that treatment?

20          DEFENDANT FRANKLIN:  For using cocaine.

21          THE COURT:  All right.  And how long ago was that?

22          DEFENDANT FRANKLIN:  That was about, maybe about six,

23  seven years ago I was on probation.

24          THE COURT:  All right.  Anything about that treatment

25  which would in any way affect your ability to render a fair and

1    impartial verdict in this case?

2          DEFENDANT FRANKLIN:  No, Your Honor.

3          THE COURT:  Strike that.  That's the wrong question.

4    I've been asking jurors now for so long that I can't get you

5    straight.  All right.  Do you understand these proceedings?

6          DEFENDANT FRANKLIN:  Yes, I do.

7          THE COURT:  Are you currently under the influence of

8    any drug, medication, or alcoholic beverage of any kind?

9        DEFENDANT FRANKLIN:  No.

10         THE COURT:  Have you received a copy of the

11   indictment --

12         DEFENDANT FRANKLIN:  Yes, I have.

13         THE COURT:  -- pending against you--that is, that's

14   the written charges made against you in this case--and have you

15   fully discussed those charges, and the case in general, with

16   Mr. Delyea as your attorney?

17         DEFENDANT FRANKLIN:  Yes, I have.

18         THE COURT:  And are you fully satisfied with the

19   counsel, representation, and advice given to you in this case by

20   Mr. Delyea as your attorney?

21         DEFENDANT FRANKLIN:  Yes, I am.

22         THE COURT:  Did you read and discuss the proposed plea

23   agreement with your attorney before you signed it?

24         DEFENDANT FRANKLIN:  Yes, I did.

25         THE COURT:  And does the proposed plea agreement

1 represent the entire understanding that you have with the

2 government?

3        DEFENDANT FRANKLIN:  Yes.

4        THE COURT:  Do you understand the terms of the plea

5 agreement?

6        DEFENDANT FRANKLIN:  Yes, I do.

7        THE COURT:  And this is a letter dated January 24,

8 2007, addressed to Mr. Delyea by the Assistant United States

9 Attorney Ms. Rita M. Rumbelow, signed by you on January 26 of

10 2007.  Is this then the proposed plea agreement that the Court

11 has been referring to, that letter?

12        DEFENDANT FRANKLIN:  Yes.

13        THE COURT:  Does the plea agreement represent the

14 entire understanding that you have with the government?

15        DEFENDANT FRANKLIN:  Yes, it does.

16        THE COURT:  Do you understand the terms of the

17 proposed plea agreement?

18        DEFENDANT FRANKLIN:  Yes.

19        THE COURT:  Has anyone made any other or different

20 promise or assurance to you of any kind in an effort to persuade

21 you to plead guilty in this case?

22        DEFENDANT FRANKLIN:  No, they haven't.

23        THE COURT:  I want you to understand that the terms of

24 the proposed plea agreement are merely recommendations to the

25 Court, recommendations that the Court can reject without

1  permitting you to withdraw your plea of guilty and could then

2  impose a sentence that is more severe than that which you may be

3  expecting.  Do you understand and agree with that, sir?

4          DEFENDANT FRANKLIN:  Yes.

5          THE COURT:  If the Court chooses not to follow the

6  terms of the plea agreement and rejects those which are

7  binding, you will then be given the opportunity to withdraw

8  your plea of guilty.  And if you choose not to withdraw your

9  plea, the Court may impose a more severe sentence without being

10 bound by the plea agreement which it has previously rejected.

11 Do you understand and agree with those statements?

12         DEFENDANT FRANKLIN:  Yes, I do.

13         THE COURT:  Has anyone made any promise or assurance

14 to you of any kind in an effort to persuade you to plead guilty

15 in this case, Mr. Franklin?

16         DEFENDANT FRANKLIN:  No, they haven't.

17         THE COURT:  Has anyone attempted in any way to force

18 you to plead guilty in this case?

19         DEFENDANT FRANKLIN:  No, they haven't.

20         THE COURT:  Are you pleading guilty of your own free

21 will because you are guilty?

22         DEFENDANT FRANKLIN:  Yes, I am.

23         THE COURT:  The offense to which you will be pleading

24 guilty is a felony offense and, if your plea is accepted, you

25 will then be adjudged guilty of that offense, and such

1  determination may deprive you of certain valuable civil rights,

2  such as the right to own and/or possess a firearm, the right to

3  vote, the right to hold public office, and the right to serve on

4  a jury.  Do you understand that by having been convicted of a

5  felony you may be deprived of these and other valuable civil

6  rights?

7           DEFENDANT FRANKLIN:  Yes.

8           THE COURT:  The Court then will address each paragraph

9  of the proposed plea agreement.  This is a letter of January 24

10  of 2007 addressed to Mr. Delyea.  Is this, sir, the proposed

11  plea agreement which you have signed and read?

12           DEFENDANT FRANKLIN:  Yes.

13           THE COURT:  You've agreed to plead guilty to the one-

14  count indictment in this case.  It charges a violation of 21

15  United States Code Section 841(a)(1), and carries a maximum

16  penalty of 20 years in prison, maximum penalties of, well, it's

17  a minimum, it carries a minimum penalty of 20 years in prison

18  and maximum penalties of life in prison, a $4 million fine, a

19  minimum 10-year period of supervised release, a $100 special

20  assessment.  In addition to these maximum penalties, any

21  violation of a supervised release term could lead to an

22  additional term of imprisonment pursuant to federal law.

23     You agree to pay the assessment of $100 at or before

24  sentencing.  You also understand the Court will enter an order

25  pursuant to federal law requiring the immediate payment of that

1    assessment, and in an appropriate case a defendant could be held

2    in contempt of court and receive an additional sentence for his

3    or her failure to pay the special assessment as ordered by the

4    Court.

5        Do you understand and agree with those provisions in

6    paragraph numbered one of the proposed plea agreement?

7            DEFENDANT FRANKLIN:  Yes.

8            THE COURT:  Looking then at paragraph 2.  You've

9    acknowledged by pleading guilty that you're giving up the

10   following rights:  A, to plead not guilty and to persist in that

11   plea; B, to a jury trial; C, to be represented by counsel and,

12   if necessary, have the Court appoint counsel at trial and at

13   every other stage of the trial proceedings; D, to confront and

14   cross-examine adverse witnesses; E, to be protected from

15   compelled self-incrimination; F, to testify and present

16   evidence; and G, to compel the attendance of witnesses.  Is that

17   your understanding and your agreement with those provisions in

18   paragraph numbered two of this proposed plea agreement,

19   Mr. Franklin?

20           DEFENDANT FRANKLIN:  Yes, it is.

21           THE COURT:  Paragraph 3.  You've agreed that the

22   conduct in this case involved crack cocaine as that term is used

23   in the Sentencing Guidelines Section 2D1.1.  And you've also

24   agreed not to contest the administrative forfeiture of the

25   currency seized during this investigation.  Is that your

1    understanding and your agreement with those provisions in

2    paragraph numbered three?

3            DEFENDANT FRANKLIN:  Yes.

4            THE COURT:  At paragraph 4, you understand that there

5    may be evidence in this case that could be subjected to DNA

6    testing and, B, you could petition the district court under

7    federal law for DNA testing of evidence after conviction in this

8    case.  By your signing of this proposed plea agreement, you have

9    knowingly and voluntarily waived your right to postconviction

10   DNA testing of all evidence in this case.  Is that your

11   understanding and your agreement of those provisions in

12   paragraph numbered four?

13           DEFENDANT FRANKLIN:  Yes, it is.

14           THE COURT:  At paragraph 5, the United States has

15   agreed that the guilty plea will completely resolve all possible

16   federal criminal violations that have occurred in the Western

17   District of Wisconsin provided that both of the following

18   conditions are met:  A, the criminal conduct relates to the

19   conduct described in the indictment and, B, the criminal conduct

20   was known to the United States as of the date of this proposed

21   plea agreement.  This agreement not to prosecute is limited to

22   those types of cases for which the United States Attorney's

23   Office for this, the Western District of Wisconsin, has

24   exclusive decision-making authority.

25       You also understand the United States will make its full

1  file available to the Probation Office for its use in preparing

2  the presentence report.  Is that your understanding and your

3  agreement of those terms in paragraph 5?

4           DEFENDANT FRANKLIN:  Yes, it is.

5           THE COURT:  Looking at paragraph 6.  The United States

6  agrees to recommend that the Court in computing the advisory

7  sentencing guideline range, and in sentencing you, give you, the

8  defendant, the maximum available reduction for acceptance of

9  responsibility, which recommendation is based on facts currently

10  known to the United States, and is contingent upon your

11  acceptance of responsibility according to the guideline factors

12  in 3E1.1.

13     And the United States is free to withdraw this

14  recommendation should you have previously engaged in any conduct

15  which is unknown to the United States and which is inconsistent

16  with acceptance of responsibility, or should you engage in any

17  conduct between the date of this plea agreement and the

18  sentencing hearing which is inconsistent with acceptance of

19  responsibility.  Is that your understanding and your agreement

20  of those provisions in paragraph numbered six of the proposed

21  plea agreement, Mr. Franklin?

22           DEFENDANT FRANKLIN:  Yes, it is.

23           THE COURT:  Looking at paragraph 7, you've agreed to

24  complete a financial statement, which has or will be provided to

25  you, and to return it to the United States Attorney's Office

1  within one week from your receipt of -- one week from this

2  guilty plea hearing.  You've also agreed that the Probation

3  Office may disclose to the United States the net worth and cash

4  flow statements to be completed by you in connection with the

5  preparation of the presentence report, together with all

6  supporting documents.

7      Is that your understanding and agreement as it relates to

8  those previous paragraphs 6 and 7?

9          DEFENDANT FRANKLIN:  Yes, it is.

10          THE COURT:  Paragraphs 8 and 9.  Eight, in the event

11  of an appeal by either party, the United States reserves the

12  right to make arguments in support of or in opposition to the

13  sentence imposed by the Court.  And, 9, you understand that the

14  sentencing discussions are not part of the plea agreement and

15  you should not rely upon the possibility of a particular

16  sentence based upon any sentencing discussions between defense

17  counsel and the United States.

18      Is that your understanding and your agreement of those

19  provisions in paragraphs 8 and 9?

20          DEFENDANT FRANKLIN:  Yes, it is.

21          THE COURT:  Looking at paragraph 10.  Is it your

22  understanding of this agreement, is it your understanding that

23  this agreement conforms with what you've understood to be the

24  case as well as with the government's position?  And by your

25  signing, you've acknowledged your understanding that the United

1  States has made no promises or guarantees regarding the sentence

2  which will be imposed.  You also acknowledge your understanding

3  the Court is not required to accept any recommendations which

4  may be made by the United States, and that the Court can impose

5  any sentence up to and including the maximum penalties set out

6  in paragraph numbered one of the proposed plea agreement.

7      Is that your understanding and your agreement with the

8  provisions set forth in that paragraph No. 10, Mr. Franklin?

9          DEFENDANT FRANKLIN:  Yes.

10          THE COURT:  Do you understand the possible

11  consequences of your plea, Mr. Franklin?

12          DEFENDANT FRANKLIN:  Yes, I do.

13          THE COURT:  Under the Sentencing Reform Act of 1984,

14  the United States Sentencing Commission has issued guidelines

15  for judges to follow in determining the sentence in a criminal

16  case.  Those guidelines were previously mandatory.  The Supreme

17  Court, however, has determined them to be advisory only.  And I

18  would ask at this time if you and your attorney have talked

19  about how these sentencing guidelines might apply to your case?

20          DEFENDANT FRANKLIN:  Yes, we have.

21          THE COURT:  I want you to understand that the Court

22  will not be able to determine the guideline sentence for your

23  case until after the presentence report has been completed and

24  both you and the government have had the opportunity to

25  challenge the reported facts and the application of the

1  guidelines recommended by the probation officer, and that the

2  sentence imposed may be different from any estimate your

3  attorney may have given you.  Do you understand and agree with

4  that, sir?

5          DEFENDANT FRANKLIN:  Yes, sir.

6          THE COURT:  After your guideline range has been

7  determined, the Court has the authority in some circumstances

8  to depart from the guidelines and impose a sentence that is

9  either more severe or less severe than the sentence called for

10  by the guidelines.  Is that your understanding as well?

11          DEFENDANT FRANKLIN:  Yes, it is.

12          THE COURT:  Parole has been abolished.  If you are

13  sentenced to prison, you will not be released on parole.  Do you

14  understand that, sir?

15          DEFENDANT FRANKLIN:  Yes, I do.

16          THE COURT:  Do you also understand that under certain

17  circumstances, you or the government may have the right to

18  appeal any sentence imposed by this Court?

19          DEFENDANT FRANKLIN:  Yes, I do.

20          THE COURT:  By entering into this plea agreement and

21  entering a plea of guilty, you will have waived or given up

22  your right to a trial.  Do you understand that, sir?

23          DEFENDANT FRANKLIN:  Yes.

24          THE COURT:  I want you to understand that you have the

25  right to plead not guilty to any offense charged against you

1    and to persist in that plea.  You would then have the right to

2    a trial by jury, at which trial you would be presumed to be

3    innocent, and the government would have to prove your guilt

4    beyond a reasonable doubt.  You would have the right to the

5    assistance of counsel for your defense, the right to see and

6    hear witnesses, all witnesses, and have them available to see

7    and hear.  Is that your understanding?

8            DEFENDANT FRANKLIN:  Yes, it is.

9            THE COURT:  Now then, to just cover it one more time.

10   You have, in addition to those rights previously given you, the

11   right to plead not guilty to any offense charged against you,

12   persist in that plea, to have the right to a trial by jury.

13   I've told you previously, at which trial you would be presumed

14   to be innocent.  The government would be required to prove your

15   guilt beyond a reasonable doubt, and you would have the right to

16   the assistance of counsel for your defense, the right to see and

17   hear all the witnesses, and have them cross-examined in your

18   defense, the right on your own part to decline to testify unless

19   you voluntarily elected to do so in your defense, and the right

20   to the issuance of subpoenas or compulsory process to compel the

21   attendance of witnesses to testify in your defense.

22       Do you understand that you have all of those rights, sir?

23           DEFENDANT FRANKLIN:  Yes, I do.

24           THE COURT:  Do you further understand that should you

25   decide not to testify or put on any evidence, these facts cannot

1  be used against you?

2          DEFENDANT FRANKLIN:  Yes.

3          THE COURT:  And once again, by entering into this

4  proposed plea agreement and entering a plea of guilty, you will

5  then have waived or given up those rights that the Court has

6  discussed with you.  Do you understand that, sir?

7          DEFENDANT FRANKLIN:  Yes.

8          THE COURT:  I want you to further understand that by

9  entering a plea of guilty, if that plea is accepted by this

10  Court today, there will be no trial.  You will then have waived

11  or given up your right to a trial, as well as those other rights

12  associated with a trial as I have just described to you.  Do you

13  understand and agree with that, sir?

14          DEFENDANT FRANKLIN:  Yes.

15          THE COURT:  At this time the Court will call on

16  Ms. Rumbelow, the Assistant United States Attorney, and she is

17  going to explain the essential elements of the offense--that is,

18  what the government would be required to prove at trial--and

19  inform you of the charge to which you will be pleading guilty.

20  And also, you will have the opportunity to explain and assent

21  and agree to the facts constituting the crime charged.

22  Ms. Rumbelow.

23          MS. RUMBELOW:  Your Honor, Mr. Franklin is entering a

24  guilty plea to one count of Title 21 United States Code Section

25  841(a)(1), possession with intent to distribute cocaine base.

1   The government has to prove two essential elements.  First,

2   that Mr. Franklin knowingly or intentionally possessed cocaine

3   base, also known as crack cocaine; second, that Mr. Franklin

4   possessed the cocaine base with the intent to deliver it to

5   another person.

6        Had this case gone to trial, officers with the Dane County

7   Narcotics and Gang Task Force would have testified that on

8   September 21, 2006, they executed a federal search warrant at

9   Mr. Franklin's residence at 838 North Thompson Drive, Apartment

10  No. 4 in Madison.  Officers would have testified that during

11  the search of that residence, they located documents addressed

12  to Mr. Franklin at that address, $7,819 in United States

13  currency, baggies with corners missing from them, a digital

14  scale, as well as 67 grams of suspect cocaine base.  Oh, the

15  government does charge in the indictment, Your Honor, that he

16  possessed more than 50 grams with intent to distribute.

17       The government also would have introduced the testimony of

18  Amanda Hanson, a drug analyst with the Wisconsin State Crime

19  Lab, and she would have testified that the substance recovered

20  from Franklin's apartment did test positive for the presence of

21  cocaine base.  And the government would have asked the Court to

22  take judicial notice that Madison is in the Western District of

23  Wisconsin.

24            THE COURT:  The Court notes that 838 Thompson Drive,

25  Apartment No. 4 in the City of Madison, as is the City of

1    Madison, in the Western District of Wisconsin.

2        Mr. Franklin, did you hear the United States Attorney

3    advise you of what this case is all about?

4            DEFENDANT FRANKLIN:  Yes.

5            THE COURT:  And do you agree with what it said?

6            DEFENDANT FRANKLIN:  Yes.

7            THE COURT:  Do you disagree with anything that she

8    said?

9            DEFENDANT FRANKLIN:  No.

10           THE COURT:  Looking then at Count 1, on or about

11   September 21, 2006, in Madison, Wisconsin, in the Western

12   District of Wisconsin, did you, David L. Franklin, knowingly and

13   intentionally possess with intent to distribute 50 grams or more

14   of a substance or mixture containing cocaine base, crack

15   cocaine, a Schedule II controlled substance?

16           DEFENDANT FRANKLIN:  Yes.

17           THE COURT:  Now, did you know what you had?  You knew

18   what you possessed?

19           DEFENDANT FRANKLIN:  No, I didn't.

20           THE COURT:  You didn't know what you possessed?

21           DEFENDANT FRANKLIN:  Wait, no, no.  Yes, I did.  Yes,

22   I did.  It just came out wrong.  Yes, I did.  Yeah.

23           THE COURT:  Did you know what you were going to do

24   with it?

25           DEFENDANT FRANKLIN:  Yes.

1          THE COURT:  What?

2          DEFENDANT FRANKLIN:  Well, me and a friend was going

3   to distribute.

4          THE COURT:  All right.  So then you possessed it with

5   the intent to distribute it, do you understand?

6          DEFENDANT FRANKLIN:  Yes.

7          THE COURT:  And do you understand that this related to

8   50 grams or more of a mixture or substance containing cocaine

9   base, that is crack cocaine, a Schedule II controlled substance?

10  Is that your understanding?

11         DEFENDANT FRANKLIN:  Yes.

12         THE COURT:  And have you heard now that the analyst

13  has determined that it was 67 grams of cocaine base or crack

14  cocaine?  Is that your understanding?

15         DEFENDANT FRANKLIN:  Yes.

16         THE COURT:  I want you, once again, to understand that

17  if you do plead guilty to this one-count indictment, a

18  presentence report will be prepared.  The Court will then

19  consider whether or not to accept or reject the proposed plea

20  agreement.  If it decides to reject the proposed plea

21  agreement, you will then have the opportunity to withdraw your

22  plea and change it to not guilty.  Is that your understanding

23  and agreement?

24         DEFENDANT FRANKLIN:  Yes.

25         THE COURT:  And how do you now plead to the charge in

1    the one-count indictment pending against you in this case?

2            DEFENDANT FRANKLIN:  Guilty.

3            THE COURT:  It's the finding of the Court in the case

4    of United States of America against David L. Franklin, No. 06-

5    CR-189-S, that the defendant is fully competent and capable of

6    entering an informed plea, that he is aware of the nature of the

7    charges and the consequences of the plea, that the plea of

8    guilty is a knowing and voluntary plea supported by an

9    independent basis in fact containing each of the essential

10   elements of the offense.  The plea is therefore accepted, and

11   the defendant is now adjudged guilty of that offense set forth

12   in the one-count indictment pending against him in Case No. 06-

13   CR-189-S, United States against David L. Franklin.

14       We now come to the sentencing.  A written presentence

15   report will be prepared by the Probation Office to assist the

16   Court in sentencing.  Mr. Franklin, you will be asked to

17   provide information for that report and your attorney may be

18   present, if you wish your attorney to be present, during those

19   interviews.  You will be given the opportunity to read the

20   report.  You will be required to discuss it with Mr. Delyea,

21   and you may then file any objections to the presentence report.

22       That presentence report will be made available to you on

23   or about March 14th, and you have two weeks thereafter, until

24   March 28th, to serve and file any objections to that presentence

25   report.  The Court is then scheduling sentencing for April 11th

1  at 1:15 p.m.  Mr. Delyea, is that schedule agreeable to yours?

2          MR. DELYEA:  It is, Your Honor.

3          THE COURT:  Ms. Rumbelow?

4          MS. RUMBELOW:  It is, Your Honor.

5          THE COURT:  The Court will continue to have you

6  detained pending sentencing.  And the Court will allow you and

7  your attorney to address it at the time of sentencing as to

8  that sentence to be imposed.  The government will also have

9  that opportunity.

10     Before we adjourn, is there anything else that you believe

11  should be addressed, Mr. Delyea?

12          MR. DELYEA:  Just one small scheduling issue, Your

13  Honor.  The Court ordered that he return the financial

14  statement within one week of receipt.

15          THE COURT:  Right.

16          MR. DELYEA:  I mailed that to him.  He hasn't even

17  received it yet.  I would ask if the Court could perhaps give

18  us two weeks to complete that.

19          THE COURT:  Two weeks to complete it?

20          MR. DELYEA:  Yes, sir.  I have a trial scheduled next

21  week, and I'm just going to have a hard time to have an

22  opportunity --

23          THE COURT:  And then when would it be due?

24          MR. DELYEA:  Today's the 31st.  We could have it in on,

25  easily in on February 12th.

1          THE COURT:  All right.  The Court will then require

2   that that be returned not later than February 12th of 2007.

3   Anything further from the defendant?

4          MR. DELYEA:  Nothing.  Thank you, Your Honor.

5          THE COURT:  What further matter should the Court

6   address the defendant with, Ms. Rumbelow?

7          MS. RUMBELOW:  Nothing, Your Honor.

8          THE COURT:  Anything further?

9          MS. RUMBELOW:  Nope.

10          THE COURT:  All right.  If that's the case then, we'll

11   stand adjourned.

12      (Proceedings concluded at 1:48 p.m.)

13

14

15

16

17

18

19

20   *I certify that the foregoing is a correct transcript from the
    electronic sound recording of the proceedings in the above-*
21   *entitled matter.*

22   _____                    *01/05/08*
                                                        *Date*
23   *Susan Barsness*
    *Certified Transcriptionist*

24

25