IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                  Plaintiff,

          v.

DAVID L. FRANKLIN,

                  Defendant.

OPINION AND ORDER

08-cv-678-bbc
06-cr-189-jcs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant David L. Franklin has filed a timely motion under 28 U.S.C. § 2255, seeking a reduction in the sentence imposed on him on April 11, 2007 by the Honorable John C. Shabaz and alleging that his court-appointed counsel was constitutionally ineffective.  Because defendant has failed to show that his sentence is invalid in any respect and because he has not shown that any act or omission by his attorney prejudiced him, his motion must be denied.

Defendant was sentenced to a term of 295 months in prison on his plea of guilty to a one-count indictment charging him with possessing with intent to distribute 50 grams or more of cocaine base.  The plea agreement provided that defendant was subject to a

1

mandatory minimum sentence of 20 years.  It showed that defendant was a career offender
and that his relevant conduct involved both powder and crack cocaine equivalent to at least
10,000 but less than 30,000 kilograms of marijuana, under § 2D1.1, giving him an advisory
guideline imprisonment range of 262-327 months.  The career offender status was based on
a prior felony drug conviction (possession with intent to deliver cocaine) and two crimes of
violence (felony substantial battery and felony escape).  The drug quantity was based on
both cocaine base and powder cocaine recovered from defendant's residence and from his
co-conspirator's apartment.

At defendant's sentencing, his attorney argued vigorously for a sentence at the
statutory minimum term of 20 years and urged the court not to treat the sentencing
guidelines as mandatory.  Judge Shabaz found that the guidelines were calculated correctly
and said that he saw no reason to vary from the advisory guideline range.  He found that
defendant's criminal conduct demonstrated a need to protect the community and noted that
defendant had not been deterred by a previous one-year jail term when he was 31 and had
failed to get any help for his addiction to controlled substances.

On appeal, defendant's attorney argued that the sentencing court had erred in
presuming that the guidelines range was reasonable.  He contended that the sentence the
court imposed was unreasonable because the court had not given meaningful consideration
to the mitigating factors in defendant's case.  The court of appeals disagreed with defendant,

2

finding that the sentencing court had understood its discretion, given defendant's arguments consideration, taken into account both mitigating and aggravating factors on the record and stated sufficient reasons for imposing the sentence it chose to impose. United States v. Franklin, 2007 WL 4455433 (7th Cir. Dec. 20, 2007) (unpublished).

OPINION

Although defendant lists a number of alleged errors or omissions on the part of counsel, he has produced nothing to show how any of them might have prejudiced his defense or contributed to a higher sentence than he would have received otherwise. For example, he says that his counsel told him he knew how to prevent defendant from doing a lot of time. Such a statement would be evidence of bad judgment on counsel's part but not of ineffective performance. To make that showing, defendant must show exactly what his attorney did or failed to do for him and how it prejudiced him. Strickland v. Washington, 466 U.S. 668, 688 (to show ineffectiveness, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" as well as show that counsel's deficiencies prejudiced defense). Vague allegations about counsel's misplaced empty boasting do not suffice. The same is true of defendant's claim that his attorney filed a "canned appellate brief." That would not be grounds for relief unless defendant could show that the brief never touched on the issues a reasonable attorney would have raised on

3

his behalf.

Defendant has not submitted the allegedly canned brief, but the court of appeals addressed the matters that defendant says now that his counsel failed to raise: the improperly mandatory nature of the sentencing guidelines scheme; the improper presumption of reasonableness given to within-guidelines sentences; and defendant's claim that his sentence was greater than necessary to comply with the purposes of federal sentencing. The fact that the court discussed these is evidence that counsel raised them, whether his brief was original or borrowed from another source.

Defendant accuses his attorney of not having carried out an adequate pre-trial investigation. It is settled law that such an accusation is meaningless unless it is accompanied by specific examples of exculpatory evidence that an adequate investigation would have turned up. Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003) (movant must provide the court "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced"). Defendant cannot leave it to the court's imagination; he must identify exactly what counsel overlooked. He has made no effort to do so.

The same analysis applies to defendant's allegation that his counsel was ineffective because he failed to object to inaccuracies in the presentence report. Defendant has not identified any of the so-called inaccuracies. Therefore, his allegation need not be addressed.

4

Defendant's challenges to his representation falls for another reason, as well.  He cannot show that anything about his sentence is invalid at the time it was imposed.  He was sentenced before the crack amendment went into effect, but it would not have applied to him because he was sentenced as a career offender and was therefore ineligible for the two-level downward adjustment introduced by the crack guidelines amendments.  United States v. Forman, 563 F.3d 585 (7th Cir. 2009) (persons sentenced as career offenders are not entitled to downward adjustment under crack cocaine amendment).

In a supplemental filing with the court, defendant argues that he was classified improperly as a career offender because one of the predicate offenses for finding him a career offender was for a crime of not returning to the Dane County Huber Law Center.  If defendant were being sentenced today, that offense would not count as a predicate offense.  The Supreme Court held in Chambers v. United States, 129 S. Ct. 687 (2009), that a court cannot count as a predicate offense an escape that does not have as element the use, attempted use, or threatened use of physical force and does not involve conduct presenting a serious potential risk of physical injury to another.  However, Chambers has no effect on defendant's sentence.  First, the holding is not retroactive and defendant's sentence became final before the case was decided.  Second, defendant had two other offenses that would suffice as predicates:  one for felony drug distribution and one for felony battery of his wife.  Thus, even if Chambers did have retroactive effect and wiped out defendant's escape offense,

5

he would still be classified as a career offender.

These leaves defendant's final objection to his sentence, which is that it is invalid under Kimbrough v. United States, 128 S. Ct. 558 (2007), and Gall v. United States, 128 S. Ct. 586 (2007).  In Kimbrough, the Court held that sentencing courts were free to take into consideration the disparity between sentences for crack cocaine and those for powder cocaine when determining a sentence.  In Gall, the Court held that appellate courts are to review sentences under an abuse-of-discretion standard, whether the sentences imposed are inside or outside the guidelines range.

The court of appeals' recent decision in United States v. Millbrook, 553 F.3d 1057 (7th Cir. 2009), controls this question.  In Millbrook, the court of appeals held that "Kimbrough's discussion of a district court's discretion to take into account the crack/powder disparity is of no consequence to a defendant sentenced under § 4B1.1 as a career offender." Id. at 1067.  The crack and powder disparities in the guidelines do not affect the sentencing of a career offender because his base offense level is determined, "not by drug quantity, but by the statutory maximum applicable to his offense under 21 U.S.C. § 841(b)(1)(A)." Id. (citing U.S.S.G. § 4B1.1(b)).

The court recognized that the ultimate guideline range remains advisory, but it found nothing in the record of Millbrook's case to suggest that the district court had not understood its authority to depart from the guideline range.  The sentencing court had

6

considered the § 3553(a) factors, calculated Millbrook's guideline range correctly and made an "'individualized assessment based on the facts presented.'" Id. at 1067 (citing Gall v. United States, 128 S. Ct. 586, 597 (2007)).

As a career offender, defendant is not eligible for any reduction in his sentence below the mandatory minimum sentence of 20 years.  As to whether he should have received a sentence lower than 295 months, nothing in the record suggests that Judge Shabaz did not consider the § 3553(a) factors, did not calculate defendant's sentence properly and did not make "an individualized assessment based on the facts presented."  In the statement of reasons he gave at sentencing, he said explicitly that he declined to sentence defendant below the advisory guideline range.  He found that defendant's criminal conduct and prior record demonstrated a need to protect the community from further criminality on his part and achieve parity with the sentences of similarly situated defendants.  It is clear that he understood his authority to depart from the guideline range.

It is an oddity of this case that the court of appeals decided defendant's appeal only days after Kimbrough was decided; presumably it had written the opinion before the Supreme Court released Kimbrough.  Defendant's counsel failed to move for reconsideration, but, as I have explained, there is no reason to think that his failure to do so caused defendant any prejudice. It is unlikely that a motion for reconsideration would have been granted. given the court's acknowledgment that Judge Shabaz had exercised his discretion properly when

7

sentencing defendant.

It is unnecessary to reach a related question, which is whether defense counsel said enough at sentencing to preserve a <u>Kimbrough</u> objection.  Not only would it have been futile, as explained above, but a failure to raise the <u>Kimbrough</u> issue would not constitute ineffectiveness.  "The Sixth Amendment does not require counsel to forecast changes or advances in the law."  <u>Lilly v. Gilmore</u>, 988 F.2d 783, 786 (7th Cir.1993).  <u>See also Valenzuela v. United States</u>, 261 F.3d 694, 700 (7th Cir. 2001).  Counsel had not way of knowing at the time of the appeal that the Court would reach the decision it did in that case.

In summary, I conclude that defendant has failed to show any reason why his sentence should be vacated.


ORDER

IT IS ORDERED that defendant David Franklin's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is DENIED.

Entered this 23d day of March, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8